**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000713
11-JAN-2024
07:50 AM
Dkt. 78 SO**

NO. CAAP-19-0000713

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CALVIN LEE HARRIS, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0000631)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Calvin Lee **Harris**, Jr. appeals from the **Judgment** of Conviction and Probation Sentence entered by the Circuit Court of the First Circuit on October 16, 2019.[1] We vacate and remand for a new trial.

Harris was charged by complaint with felony Abuse of Family or Household Members. A jury found him guilty of misdemeanor Abuse of Family or Household Members. He filed this appeal. He contends the circuit court plainly erred when instructing the jury on self-defense.

Trial courts have a duty to properly instruct the jury. State v. Kato, 147 Hawai'i 478, 499, 465 P.3d 925, 946 (2020). If a jury instruction is flawed we will vacate, even without a timely objection, if there is a reasonable possibility that the

---

[1] The Honorable Paul B.K. Wong presided.

error contributed to conviction — that is, if the erroneous instruction was not harmless beyond a reasonable doubt.  Id.

The relevant law on self-defense is:

> **§ 703-304 Use of force in self-protection.**  (1) Subject to the provisions of this section . . . the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
>
> . . . .
>
> (3)  . . . [A] person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.

Hawaii Revised Statutes (**HRS**) § 703-304 (2014).  The self-protection defense is limited to certain circumstances:

> When the actor believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under [HRS § 703-304] but the actor is **reckless** . . . in having such belief or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of the actor's use of force, the **justification** afforded by those sections **is unavailable in a prosecution for an offense for which recklessness . . . suffices to establish culpability**.

HRS § 703-310(1) (2014) (emphasis added).

The jury found Harris guilty of misdemeanor Abuse of Family or Household Members:

> (1)  It shall be unlawful for any person . . . to physically abuse a family or household member . . . .
>
> . . . .
>
> (5)  Abuse of a family or household member . . . [is a] misdemeanor[.]

HRS § 709-906(1), (5)(a) (2014 and Supp. 2016).  The statute doesn't specify the state of mind required for misdemeanor Abuse of Family or Household Members.  Thus, the jury could have found Harris guilty if it found that he "intentionally, knowingly, or

recklessly" physically abused the complaining witness (**CW**). See
HRS §§ 702-204, -206 (1)-(3) (2014). The jury was instructed
that if it did not find Harris guilty of felony Abuse of
Household or Family Members it must consider the included offense
of misdemeanor Abuse of Family or Household Members:

> A person commits the offense of Abuse of Family or Household Members if he intentionally, knowingly, or recklessly physically abuses a family or household member.
>
> There are three material elements of the offense of Abuse of Family or Household Members, each of which the prosecution must prove beyond a reasonable doubt.
>
> These three elements are:
>
> 1.     That, on or about April 30, 2017, in the City and County of Honolulu, the Defendant physically abused [CW]; and
>
> 2.     That, at that time, the Defendant and [CW] were family or household members; and
>
> 3.     That the Defendant acted ***intentionally, knowingly, or recklessly*** as to each of the foregoing elements.

(Emphasis added.)

The jury was also instructed on the defense of self-
protection. The jury was correctly instructed that the State had
to prove beyond a reasonable doubt that the force used by Harris
was not justified. The instruction also included this
limitation:

> Self-defense is not available if the prosecution proves that:
>
> (1)   the defendant was reckless in believing that he was justified in using deadly force or force against the other person; or
>
> (2)   the defendant was reckless in acquiring or failing to acquire any knowledge or belief which was material to the justifiability of his use of deadly force or force.

The jury was instructed that if the State proved beyond
a reasonable doubt that Harris intentionally, knowingly, or
recklessly physically abused CW, and that Harris was reckless in

believing that he was justified in using force against CW or was reckless in acquiring or failing to acquire any knowledge or belief which was material to the justifiability of his use of force, the self-protection defense was not available to him for the offense of misdemeanor Abuse of Family or Household Members. But under the law, the self-protection defense was only unavailable to Harris for *reckless* misdemeanor physical abuse of CW.  HRS § 703-310(1) (2014).

In State v. Culkin, 97 Hawaiʻi 206, 35 P.3d 233 (2001), Culkin was charged with murder in the second degree in violation of HRS § 707-701.5 (1993).  He contended he acted in self-defense.  The jury was instructed on the included offenses of assault in the second degree and assault in the third degree, among others.  Assault in the second degree could be committed intentionally, knowingly, or recklessly.  HRS § 707-711(1)(a), (b) (1993).  Assault in the third degree could also be committed intentionally, knowingly, or recklessly.  HRS § 707-712(1)(a) (1993).  The supreme court approved this instruction:

> If and only if you find that the defendant was reckless in having a belief that he was justified in using self-protective force against another person, or that the defendant was reckless in acquiring or failing to acquire any knowledge or belief which was material to the justifiability of his use of force against the other person, then the use of such self-protective force is unavailable as a defense to the offenses of Manslaughter, Assault in the Second Degree **based on reckless conduct**, and Assault in the Third Degree **based on reckless conduct**.

Id. at 216 n.8, 35 P.3d at 243 n.8 (emphasis added).

And in State v. Nupeiset, 90 Hawaiʻi 175, 977 P.2d 183, (App. 1999), Nupeiset was convicted of murder in the second degree, HRS § 707-701.5 (1993).  It appears that the jury was also instructed on the included offenses of manslaughter and assault in the second degree.  Manslaughter could be committed intentionally or recklessly.  HRS § 707-702(1)(a), (b) (1993).  Assault in the second degree could be committed intentionally, knowingly, or recklessly.  HRS § 707-711(1)(a), (b) (1993).  The supreme court approved this instruction:

4

> If and only if you find that *[Defendant] was reckless in having a belief* that he was justified in using deadly force against [Fuller], *or that [Defendant] was reckless in acquiring or failing to acquire any knowledge or belief* which was material to the justifiability of his use of deadly force against [Fuller], then the use of such deadly force is unavailable as a defense to the offenses of Manslaughter **based on reckless conduct** and/or Assault in the Second Degree **based on recklessly** *causing serious bodily injury* to another person.

Id. at 186, 977 P.2d at 194 (bolding added).

The jury in this case should have been instructed that the self-protection defense was unavailable to Harris for *reckless* physical abuse — it would have been available to Harris for intentional or knowing physical abuse. The State argues that the error was harmless beyond a reasonable doubt because no reasonable person in Harris's position could have believed it was necessary to use force against CW. But that was a question for the jury. The record does not show whether the jury found Harris guilty of intentional, knowing, or reckless physical abuse of CW. On this record, we cannot say that the instructional error was harmless beyond a reasonable doubt. The Judgment is vacated and this case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, January 11, 2024.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge